UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:23-cv-24740-JLK

MARK STINSON, SR.,

    Plaintiff,

v.

WAYNE HADDIX d/b/a 385 VENTURES
PARTNERSHIP, AMERIPRISE FINANCIAL
SERVICES, INC. and SHELBY COUNTY
BOARD OF EDUCATION,

    Defendants.
_____/

## ORDER TRANSFERRING CASE TO THE WESTERN DISTRICT OF TENNESSEE

THIS MATTER is before the Court *sua sponte*. For the reasons stated herein, the Court will *sua sponte* **TRANSFER** Plaintiff's lawsuit to the Western District of Tennessee.

### I. BACKGROUND

Plaintiff filed his *pro se* Complaint on December 13, 2023, alleging that the Defendants violated the Tennessee Consumer Protection Act by failing to help him find solutions to grow his Tennessee business and failing to represent Plaintiff's fiduciary interests as his financial and investment advisor in growing his Tennessee business relationships. *See generally* Compl., DE 1. In separate motions, Defendants Shelby County School Board ("Shelby County") and Ameriprise Financial Services, Inc. ("Ameriprise") have moved to dismiss the Complaint. *See* DE 13, 21. Shelby County's Motion argues that the Court lacks personal jurisdiction over the Tennessee School District and that this action is barred by *res judicata* as it is currently being litigated in a

Tennessee state court. DE 13. Ameriprise's Motion argues that Plaintiff failed to effectuate proper service of process and should be dismissed.[1] DE 21.

Additionally, Plaintiff has continued to file various motions such as a Motion to add Suntrust Bank as a party to this action (DE 17), a Motion for Clerk's Entry of Default Judgment against Defendant Wayne Haddix d/b/a/ 385 Ventures Partnership (DE 18), a premature Motion for Summary Judgment against Defendant Shelby County (DE 19), a second Motion for Summary Judgment (DE 26), a Motion for Statement of Material Facts (DE 28), a Motion for Refund of the Filing Fee (DE 33), and several Motions for Referral to the Volunteer Attorney Program (DEs 5, 29, 34). The Court granted Plaintiff's first Motion for Referral to the Volunteer Attorney Program, but Plaintiff continues to move the Court for representation. *See* DE 16.

## II.   LEGAL STANDARD

A civil action must be brought in "a judicial district in which any defendant resides, if all the defendants are residents of the State in which the district is located," in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," or, if neither of the first two apply, in any "judicial district in which any defendant is subject to the court's personal jurisdiction[.]" 28 U.S.C. § 1391(b). If the plaintiff files his case in the wrong district, the court can *sua sponte* transfer the case "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988) ("[A] district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction[.]").

---

[1] "The U.S. Supreme Court has indicated a preference for transfer—over dismissal—because transfers more efficiently advance '[the] expeditious and orderly adjudication of cases and controversies.'" *Green v. Duffy*, 2022 WL 3275943 at *3 (S.D. Fla. Aug. 11, 2022) (Altman, J.) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962)).

### III.  DISCUSSION

The Court finds that Plaintiff's case should be transferred to the Western District of Tennessee. Plaintiff's Complaint alleges that all but one of the Defendants have addresses in Memphis, Tennessee. *See* Compl., DE 1 at 1. According to the Complaint, the alleged events took place in Tennessee, Defendants reside in Tennessee, and the alleged violations involve the Tennessee Consumer Protection Act. DE 1, ¶¶ 2, 4, 17, 19, 45-47, 51–53. Further, Plaintiff's only reference to Florida is to refer to himself as "a Florida corporation." DE 1, ¶ 1. Plaintiff does not allege that any of the Defendants reside in the Southern District of Florida and the only link to this district appears to be that Plaintiff currently resides in Florida. *Id.* All of the events alleged in the Complaint took place in Memphis, Tennessee. *Id.* Further, the Defendants point out to the Court that this case was litigated before the Tennessee Chancery Court in Shelby County (Case No. CH-17-002) and is currently pending before the Tennessee Court of Appeals (Case No. W2023-00679-COA-R3-CV). *See* DE 13 at 1, *see also* DE 21 at 1.

Plaintiff has filed seven lawsuits (including this one) in the Southern District of Florida. The six additional lawsuits are: Case Nos. 23-cv-24688-RKA *Stinson v. Mark Yates and Wall & Associates, Inc.*; 23-cv-24733-JAL *Stinson v. Memphis Light Gas & Water et al.*; 23-cv-24735-BB *Stinson v. Williams et al.*; 23-cv-24740-JLK *Stinson v. Haddix et al.*; 23-cv-24741-RKA *Stinson v. Nationstar Mortgage, LLC*; 23-cv-24750-RAR *Stinson v. Yates et al.*; and 23-cv-24751-RKA *Stinson v. Fowlkes*. *See Stinson v. Fowlkes*, CASE NO. 23-CV-24751-WILLIAMS 2023 U.S. Dist. LEXIS 225889, at *3 (Dec. 18, 2023) (collecting cases). All other cases filed by Plaintiff in this District have either been dismissed or transferred.

The Honorable Judge Ruiz of our Court explained in a separate case, where our same Plaintiff asserted similar claims against Defendants in Arkansas:

> Since none of the Defendants reside in the Southern District of Florida and none of the events underlying the Complaint took place in the Southern District of Florida, this District is not the proper venue for Plaintiff's Complaint. Further, upon review of the allegations in the Complaint, the Eastern District of Arkansas is the only proper venue for Plaintiff's claims, since that is the only district where "a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b)(2).

*Stinson v. Yates*, 2023 WL 9106246, at *1 (S.D. Fla. Dec. 18. 2023) (Ruiz, J.) (cleaned up). Judge Goodman of this Court also noted that transfer of Plaintiff's claims (in yet another lawsuit in this district) was appropriate:

> Plaintiff's claims stem from his federal criminal trial in the Western District of Tennessee and proceedings in Shelby County Chancery Court, which is also located in the Western District of Tennessee. Moreover, all but two Defendants have addresses in Memphis Tennessee, located in the Western District of Tennessee. Venue is proper where the defendants reside, or where the events at issue occurred. *See* 28 U.S.C. § 1391(b). Venue therefore would be proper in the Western District of Tennessee, and not here. *See, e.g., Shisinday v. Tex. Dep't of Crim. Just.-Agency*, 124 F. App'x 898, 899 (5th Cir. 2005) ("As the alleged violations occurred in the Eastern District of Texas, where [the plaintiff] was incarcerated, the district court did not abuse its discretion by ordering that transfer.").

*Stinson v. Fowlkes*, 2023 WL 9184386, at *5 (S.D. Fla. Dec. 18, 2023) (Goodman, Mag. J.) (cleaned up), report and recommendation vacated as moot, Order Consolidating Cases at 1. Judge Altman of our Court also transferred this Plaintiff's claims to the Western District of Tennessee following the findings of both Judges Ruiz and Goodman. *See Stinson v. Nation Star Mortgage, LLC, et al.*, case no. 1:23-cv-24741-Altman, DE 35. The undersigned in this case agrees with the findings and reasoning of Judges Ruiz, Altman and Goodman and similarly finds that this action should be transferred to the Western District of Tennessee, the appropriate venue for this case.

## IV.   CONCLUSION

Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** as follows:

1. Plaintiff's Complaint **(DE 1)** is **TRANSFERRED** to the U.S. District Court for the Western District of Tennessee. Any future motions pertaining to these claims should be filed in the Western District of Tennessee.

2. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED,** and all deadlines are **TERMINATED**.

3. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 8th day of August, 2024.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**cc:** **All counsel of record**
**Clerk** of **Court**
**Mark T. Stinson,** *pro se*
# 153816
Shelby County Division of Corrections
Inmate Mail/Parcels
1045 Mullins Station Road
Memphis, TN 38134