```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
           WESTERN DIVISION
```

_____

| | |
|---|---|
| **MARK T. STINSON,** )  )  | |
| Plaintiff, ) ) | |
| v. ) ) | No. 24-cv-2560-MSN-tmp |
| **WAYNE HADDIX d/b/a 385 VENTURES PARTNERSHIP, AMERIPRISE FINANCIAL SERVICES, INC., and SHELBY COUNTY BOARD OF EDUCATION,** ) ) ) ) ) ) ) | |
| Defendants. ) ) | |

_____

**ORDER DENYING PLAINTIFF'S MOTION FOR REFUND (ECF NO. 33) AND MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 34)**
_____

Before the court are *pro se* plaintiff Mark Stinson's Motion for Refund and Motion for Appointment of Counsel.[1] (ECF Nos. 33, 34.) For the reasons below, the motions are DENIED.

### I. BACKGROUND

Stinson filed his *pro se* complaint in the Southern District of Florida against defendants Wayne Haddix, Ameriprise Financial Services, Inc. ("Ameriprise"), and Shelby County Board of Education ("the Board") on December 13, 2023, alleging various claims for breach of contract, breach of fiduciary duty,

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management of all pretrial matters for determination or report and recommendation, as appropriate.

fraud, and violations of the Tennessee Consumer Protection Act. (ECF No. 1.) At that time, Stinson moved the court for leave to proceed *in forma pauperis*. (ECF Nos. 1, 3.) On December 18, 2023, Stinson moved the court for referral to the Southern District of Florida's Volunteer Attorney Program. (ECF No. 5.)

Before the court ruled on Stinson's IFP motion, Stinson paid the $405 filing fee on January 3, 2024. (ECF No. 7.) Accordingly, the court denied Stinson's IFP motion as moot on January 17. (ECF No. 12.)

On January 26, 2024, the court granted Stinson's motion for referral to the volunteer attorney program, which provides that "a volunteer attorney *may* accept the representation on a pro bono basis." (ECF No. 16 at PageID 82) (emphasis added). On June 6, 2024, Stinson again moved the court for appointed representation under the volunteer attorney program, explaining that he was "being detained."[2] (ECF No. 29 at PageID 29.) On June 25, 2024, the court denied Stinson's motion as moot and duplicative because Stinson's complaint was already referred to the volunteer attorney program. (ECF No. 31.)

Stinson filed the instant motions on July 23, 2024. (ECF Nos. 33, 34.) On August 8, 2024, before ruling on those motions,

---

[2]Stinson filed three notices of address changes with the court, explaining that he was detained starting February 13, 2024. (ECF Nos. 23, 24, 25.) As of March 28, 2024, Stinson is currently being held at the Shelby County Correctional Center within this district. (ECF No. 25.)

District Judge James Lawrence King *sua sponte* transferred the case to the Western District of Tennessee under 28 U.S.C. § 1406(a), finding that venue was improper in the Southern District of Florida. (ECF No. 35.)

## II. MOTION FOR REFUND

In his Motion for Refund, Stinson requests that the court issue a refund for "all fee's [sic] associated with this case." (ECF No. 33 at PageID 33.) Stinson explains that he "is a 100%, disable[d], decorated, Gulf War Veteran." (Id. at PageID 33-34.) In support, Stinson cites Supreme Court Rule 40(1);[3] 38 U.S.C. § 432(h)(1), which the court interprets as 38 U.S.C. § 4323(h)(1)[4] because Stinson's cited provision does not exist; "congress's

---

[3]This rule provides that:

> A veteran suing to establish reemployment rights under 38 U.S.C. § 2022, or under any other provision of law exempting veterans from the payment of fees or court costs, may proceed without prepayment of fees or costs or furnishing security therefor and may file a motion for leave to proceed on papers prepared as required by Rule 33.2. The motion shall ask leave to proceed as a veteran and be accompanied by an affidavit or declaration setting out the moving party's veteran status. A copy of the motion shall precede and be attached to each copy of the petition for a writ of certiorari or other substantive document filed by the veteran.

Sup. Ct. R. 40(1).

[4]This provision under the Uniformed Services Employment and Reemployment Rights Act provides that "[n]o fees or court costs may be charged or taxed against any person claiming rights under this chapter." 38 U.S.C. § 4323(h)(1).

- 3 -

intent in [the Uniformed Services Employment and Reemployment Rights Act ("USERRA")]"; Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003), which holds that direct evidence is not required in mixed-motive employment discrimination cases under Title VII of the Civil Rights Act of 1964, id. at 101-02; Fincher v. Ga. Pac., LLC., No. 1:08-CV-3839-JOF, 2009 WL 1075269 (N.D. Ga. Apr. 21, 2009), holding that a plaintiff was entitled to a refund in his suit under USERRA; and Florida Rule of Civil Procedure 1.010, which describes the applicability of the Florida Rules of Civil Procedure. (ECF No. 33 at PageID 33-34.) These authorities are not only unpersuasive, but also irrelevant to Stinson's requested relief. Stinson is not before the Supreme Court, nor has he sued under USERRA. Notably, the Supreme Court has also found that Stinson "has repeatedly abused [the Supreme Court's] process," directing the Clerk not to accept petitions in any noncriminal matters unless he has paid required filing fees. In re Mark T. Stinson, 144 S. Ct. 268 (Mem) (2023). Stinson also chose to pay the filing fee rather than wait for the court to rule on his IFP application. (ECF Nos. 7, 12.) He has thus not shown that he is entitled to a refund.

Accordingly, Stinson's Motion for Refund is DENIED.

### III. MOTION FOR APPOINTMENT OF COUNSEL

In his Motion for Appointment of Counsel, Stinson asks that the court appoint him representation "due to the

voluminous, novel and complex illegal matters in this case." (ECF No. 34 at PageID 169.) He again explains that he "is a 100%, disable[d], decorated, Gulf War Veteran that has been diagnosed with P.T.S.D.," and cites Frederick v. Watson, No. 2:20-cv-121, 2020 WL 13917782 (S.D. Ga. Dec. 4, 2020) (denying the incarcerated plaintiff's motion for appointment of counsel), in support of his request.

"The appointment of counsel in a civil proceeding is not a constitutional right and is justified only in exceptional circumstances." Lanier v. Bryant, 332 F.3d 999, 1006 (6th Cir. 2003) (citing Lavado v. Keohane, 992 F.2d 601, 605-06 (6th Cir. 1993)). Pursuant to Administrative Order 2023-38, "[b]efore appointing counsel to represent a party in a case, the presiding judge will consider the party's financial resources, the efforts of the party to obtain counsel, and whether the party's claim or defense appears to have merit." A party seeking appointment of counsel "may file a motion in their case seeking appointment of counsel and must submit the [] 'Declaration of Need by Litigant.'" Id. "If the motion is granted, the court will enter an order directing the Clerk to locate and obtain the consent of counsel to be appointed, and upon acceptance of the appointment, the court will enter an order in the case making the appointment." Kiner v. City of Memphis, No. 23-cv-02805, 2024 WL 2928661, at *1 (W.D. Tenn. Jan. 5, 2024), appeal denied, 2024 WL

559257 (W.D. Tenn. Feb. 12, 2024) (citing Administrative Order 2023-38).

Stinson has not shown that exceptional circumstances exist justifying the appointment of counsel. The undersigned is mindful that this is now Stinson's third request for appointment of counsel, and that Stinson faces financial challenges because he is detained.[5] However, the undersigned finds that Stinson's claims appear to lack merit. As both Ameriprise and the Board have argued, it appears that Stinson is attempting to relitigate claims that were either dismissed or resolved on the merits in a prior action in Tennessee state court. See Haddix v. Stinson, No. W2023-00679-COA-R3-CV, 2024 WL 1281522, at *2, *5 (Tenn. Ct. App. Mar. 26, 2024) (explaining that the trial court found against Stinson on all claims and dismissed his counterclaims and dismissing his appeal for failure to comply with procedural rules). The undersigned therefore finds that appointment of counsel is not justified under these circumstances.

Accordingly, Stinson's Motion for Appointment of Counsel is DENIED.

---

[5] Stinson filed this motion before the case was transferred from the Southern District of Florida and thus did not file the required "Declaration of Need by Litigant" required in this district under Administrative Order 2023-38.

## IV.  CONCLUSION

For the above reasons, Stinson's Motion for Refund and Motion for Appointment of Counsel are both DENIED.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

December 6, 2024
Date
